# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| REBECCA BINDBEUTEL, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:13-CV-1612 CAS |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This matter is before the Court upon defendant Quiktrip Corporation's Motion to Quash 30(b)(B)(6) Notice of Videotaped Deposition of Defendant Quiktrip Corporation. Plaintiff responded to the motion, and defendant did not file a reply memorandum. The motion was called and heard on April 22, 2014. Consistent with the Court's opinion as announced from the bench,

**IT IS HEREBY ORDERED** that Quiktrip Corporation's Motion to Quash 30(b)(B)(6) Notice of Videotaped Deposition of Defendant Quiktrip Corporation is **GRANTED in part** and **DENIED in part.** [Doc. 22] Within thirty (30) days of this Order, and at a date agreeable to plaintiff, defendant Quiktrip Corporation shall produce a 30(B)(6) representative or representatives, who shall produce documents and testify as to the items detailed in plaintiff's Notice of Deposition. Defendant's motion to quash is **GRANTED** to the extent that the items in the Notice of Deposition shall be limited as follows:

> Item No. 14 – Defendant's objection to "[a]ll complaints by persons in the last 5 years where it is alleged that QuikTrips in Missouri lacked adequate ramps" is sustained. Defendant need not provide documents or testimony responsive to Item No. 14.

Item No. 17 – Defendant's objection to "[a] list of all QuikTrips that had non-compliant parking, ramps, and handrails in its Missouri stores under the ADA that were in operation as of July 15, 2010" is sustained, in part. Defendant need not provide documents or testimony with respect to parking or ramps. In all other respects, defendant's objection is overruled.

Item No. 21 – Defendant's objection to "[a]ny emails, not privileged, between any of defendant's employees that reflect defendant's ADA non-compliance regarding its stores" is sustained, in part. Item No. 21 shall be limited to emails within the last five (5) years regarding ADA non-compliance in stores located in Missouri.

Item No. 24 – Defendant's objection to "[a]ny written communications, not privileged, between any of defendant's employees that reflect defendant's ADA non-compliance regarding its stores," is sustained, in part. Item No. 24 shall be limited to written communications within the last five (5) years regarding ADA non-compliance in stores located in Missouri.

Item No. 25 – Defendant's objection to "[a]ny written communications, not privileged, between any of defendant's employees and contractors or builders that reflect defendant's ADA non-compliance regarding its stores," is sustained, in part.

Item No. 25 shall be limited to written communications within the last five (5) years regarding ADA non- compliance in stores located in Missouri.

Item No. 36 – Defendant's objection to "[n]et worth statements for defendant QuikTrip Corporation at the end of 2012" is sustained. Defendant need not provide documents or testimony responsive to Item No. 36 at this time.

In all other respects, defendant Quiktrip Corporation's motion is **DENIED.**

　

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this   22nd   day of April, 2014.