# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

REBECCA BINDBEUTEL, et al., )
)
    Plaintiffs, )
) No. 4:13-CV-1612 CAS
v. )
)
QUIKTRIP CORPORATION, )
)
    Defendant. )

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Quiktrip Corporation's motion to dismiss Count V of plaintiffs' Second Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs did not file a response memorandum, and the time to do so has expired. For the following reasons, the Court will grant defendant's motion to dismiss Count V.

### *I. Background*

According to the Second Amended Complaint, on March 21, 2012, plaintiff Rebecca Bindbeutel fell while exiting a Quiktrip Store in St. Peters, Missouri and broke her right heel. Plaintiffs, Rebecca Bindbeutel and her husband Jim Bindbeutel, allege that the egress from the store was not reasonably safe in that it lacked a ramp and an adequate hand railing. In their Second Amended Complaint, plaintiffs bring the following seven counts against defendant Quiktrip Corporation: negligence (Count I); negligence per se for failing to comply with the 1978 BOCA Basic Building Code (Count II); negligence per se for failing to comply with sections 4.6.3 and 4.8 of the Americans with Disabilities Act (Count III); negligence per se for failing to comply with section 4.6.4 of the Americans with Disabilities Act (Count IV); negligence per se for destroying evidence (Count V); punitive damages (Count VI); and loss of consortium (Count VII).

In response to the Second Amended Complaint, defendant filed a motion to dismiss Count V. Defendants argues that plaintiffs have failed to plead the necessary elements to state a claim of negligence per se in Count V.

## *II. Standard*

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In the complaint, a plaintiff "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir.), cert. denied, 555 U.S. 882 (2008) (citing Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory." Id. at 562 (quoted case omitted). This standard "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," Twombly, 550 U.S. at 556, and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief. Id; Fed. R. Civ. P. 8(a)(2). Materials attached to the complaint as exhibits may

be considered in construing the sufficiency of the complaint. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986).

### III. Discussion

Count V is captioned "Negligence Per Se." Under Missouri law, plaintiffs must plead the following requisite elements for a cause of action based on negligence per se: (1) a violation of a statute; (2) the injured person was a member of the class of persons intended to be protected by the statute; (3) the injury complained of was the kind the statute was designed to prevent; and (4) the violation of the statute was the proximate cause of the injury. Sill v. Burlington N. R.R., 87 S.W.3d 386, 392 (Mo. Ct. App. 2002).

>   Plaintiffs allege the following in regard to Count V:
>
>   During 2012 or 2013, even though Defendant has denied there is a defect in the area where Plaintiff fell, Defendant destroyed evidence by tearing out the steps where Plaintiff fell and rebuilding the steps with Americans With Disabilities Compliant Ramps and Handrails thereby preventing Plaintiff from making a proper inspection of the area at a time when Defendant knew or should have known that Plaintiff had presented a claim for injuries arising out of a fall on the steps of Defendant's store.
>
>   See Doc. 33 at 8.

The Court finds that the allegations in Count V fail as a matter of law because plaintiffs have not alleged the first necessary element of a claim of negligence per se – a violation of a statute. It would appear that plaintiffs are attempting to plead a per se negligence claim based on alleged spoliation of evidence. Spoilation of evidence, however, is not a statutory violation, rather it is an evidentiary doctrine. State ex rel. Zobel v. Burrell, 167 S.W.3d 688, 982 (Mo. 2005) ("A party who intentionally destroys or significantly alters evidence is subject to an adverse evidentiary inference under the spoliation of evidence doctrine."). Because plaintiffs have failed to plead the necessary elements to state a claim of negligence per se in Count V, defendant's motion to dismiss is granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Quiktrip Corporation's motion to dismiss Count V is **GRANTED.** [Doc. 37]

                                                */s/ Charles A. Shaw*
                                                **CHARLES A. SHAW**
                                                **UNITED STATES DISTRICT JUDGE**

Dated this   5th   day of August, 2014.